IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Belay Reddick, | ) C/A No. 2:13-3379-DCN-BHH |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Pamela Justice; Mary M. Mitchell; J. Hollett; Joseph Neal; Oscar Acosta; Wanda Harris; Roy Lathrop; Warren C. Holland; Lee Hamar; S. Taylor; K. Johnson; M. Cruz; S. Langford; B. Kemp; R. Celaya; D. Colon; D. Mercado; J. Simmons; E. Rayburn; T. Miller, R. Kelso, S. Lathrop, T. Talplacido, D. Ayotte, M. Walker, D. Barbareno, E. McLellan, T. Graves, J. Stivers, M. Strong, M. Moore, D. Franks, F. Hill, and F. Brockington. | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| | ) |

This is a civil action filed by a federal prisoner.  Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court).  Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## PROCEDURAL BACKGROUND

Plaintiff filed his original Complaint (ECF No. 1) on December 4, 2013.  By Order dated December 11, 2013 (ECF No. 8), Plaintiff's Motion for Leave to Proceed in forma pauperis (ECF No. 2) was granted, and Plaintiff was given a specific time frame in which to bring this case into proper form by submitting proposed service documents for

Defendants.  On December 23, 2013, Plaintiff complied with the Court's Order, see ECF No. 11.

On February 3, 2014, Plaintiff filed a "Motion for Preliminary Injunction and/or Temporary Restraining Order" (ECF No. 13) and "Motion for an Order to Hear Petitioner's Testimony in TRO Hearing Via Telephone Conference" (ECF No. 14).  The Motions were ordered to be served upon Defendants, along with Plaintiff's Complaint (ECF No. 1), by Order dated February 5, 2014 (ECF No. 17).  The summonses and Forms USM-285 were issued by the Clerk of Court on February 5, 2014 (ECF No. 19) and forwarded to the United States Marshals Service for service of process, on February 6, 2014.

On March 7, 2014, the executed summons for the United States Attorney for the District of South Carolina was returned (ECF No. 21).  On March 22, 2014, the executed summonses for Defendants Acosta, Celaya, Colon, Cruz, Hamar, Harris, Holland, Hollett, Johnson, Justice, Kemp, Langford, Lathrop, Mercado, Miller, Mitchell, Neal, RayBurn, Simmons, and Taylor, and for the Attorney General of the United States, were returned (ECF No. 22).

On April 3, 2014, Plaintiff filed a "Motion for Appointment of Counsel and an Order to Show Cause" (ECF No. 23).  By Order dated April 8, 2014 (ECF No. 24), Plaintiff's Motion was denied.  The Order informed Plaintiff that, to the extent he sought to challenge his placement in administrative detention, he could seek to amend his Complaint to add that particular claim.

On April 10, 2014, Plaintiff filed an Amended Complaint (ECF No. 26), adding factual allegations and claims, and naming eight (8) additional Defendants, i.e. R. Kelso, S. Lathrop, T. Talplacido, D. Ayotte, M. Walker, D. Barbareno, E. McLellan, and T. Graves.

By Order dated April 16, 2014 (ECF No. 30), Plaintiff was given a specific time frame in which to bring this case into proper form for service of his Amended Complaint upon all Defendants.

On April 21, 2014, prior to Plaintiff's submission of the necessary service documents for his Amended Complaint, Plaintiff filed a "Motion for Leave to File Supplemental Complaint or Original Complaint," which was construed as a Motion to Amend or Supplement Plaintiff's Amended Complaint (ECF No. 33). Plaintiff's Motion alleged additional facts and sought to add six (6) new Defendants and claims of retaliation and excessive force, and "cruel and unusual punishment." Plaintiff submitted a proposed Second Amended Complaint (ECF No. 33-1) together with his Motion. Plaintiff did not submit proposed service documents for the six (6) new Defendants he sought to add in his Second Amended Complaint, i.e. J. Stivers, M. Strong, M. Moore, D. Franks, F. Hill, and F. Brockington. On April 25, 2014, Plaintiff complied with the Court's proper Form Order of April 16, 2014 (ECF No. 30) by submitting the necessary summonses and Forms USM-285 (see ECF No. 40). However, Plaintiff's Amended Complaint was not served upon the twenty-eight (28) Defendants named in the Amended Complaint, and upon the Attorney General of the United States and the United States Attorney for the District of South Carolina, because Plaintiff filed the previously mentioned proposed second amended complaint before he brought the case into proper form with respect to his Amended Complaint.

By Order filed simultaneously with this Report and Recommendation, Plaintiff's Motion to Amend Amended Complaint (ECF No. 32) was granted and Plaintiff was ordered to bring the case into proper form for service of process of the Second Amended

3

Complaint, by submitting the necessary service documents for the six (6) newly added Defendants, within twenty-one day (21) days, plus three (3) days for mail time, of the date of filing of the Order.

On April 21, 2014 Plaintiff also filed a second "Motion for Preliminary Injunction and/or Temporary Restraining Order (ECF No. 32). This Report addresses Plaintiff's two motions for preliminary injunctive relief.

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER (ECF No. 13); MOTION FOR AN ORDER TO HEAR PETITIONER'S TESTIMONAY IN TRO HEARING VIA TELEPHONE CONFERENCE (ECF No. 14); and MOTION FOR PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER (ECF No. 32)**

On February 2, 2014, Plaintiff filed a "Motion for Preliminary Injunction and/or Temporary Restraining Order" (ECF No. 13) and "Motion for an Order to Hear Petitioner's Testimony in TRO Hearing Via Telephone Conference" (ECF No. 14), seeking to "restraining [Defendants] from destroying, disposing, or donating plaintiff's confiscated personally owned property that consist of books and a necklace that are part of this suit." Motion, ECF No. 13, p. 1. The undersigned found that Plaintiff's request, insofar as it sought the issuance of a temporary restraining order under Rules 7(b) and 65(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), failed to allege specific facts in an affidavit or a verified complaint that clearly showed that immediate and irreparable injury, loss, or damage would result to Plaintiff before Defendants could be heard in opposition to his Motions. (ECF No. 17.) Plaintiff had not certified in writing any efforts made to give notice to Defendants and any reasons why notice should not have been required.

4

Plaintiff's Motion (ECF No. 13) alleged that his personal property was unlawfully confiscated in retaliation for his communicating with Congress about poor prison conditions.  See ECF No. 13, p. 2.  While Plaintiff's Motion and Complaint alleged that he would incur a "financial loss of $2200 in value" if his personal property was not returned to him, id., Plaintiff did not specify a date or time of the alleged impending destruction of his personal property, nor did he allege facts necessary to satisfy the requirements of Fed. R. Civ. P. 65(b).[1]  Accordingly, the undersigned construed Plaintiff's request to be a motion for preliminary injunction under Rule 65(a), rather than a motion for temporary restraining order under Rule 65(b).  As such, the Motion for Preliminary Injunction (ECF No. 13), and accompanying Motion for an Order to Hear Petitioner's Testimony in TRO Hearing Via Telephone Conference (ECF No. 14), were ordered to be served upon Defendants, with Plaintiff's Complaint (ECF No. 1).  See Order of February 5, 2014, ECF No. 17, p. 1-2.

As discussed above, however, Plaintiff has now amended his original Complaint twice, adding additional Defendants each time, but, on both occasions, neglecting to provide the Court with the necessary service documents for the newly added Defendants.

---

[1] Pursuant to The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342 (4th Cir. 2009), and Winter v. Natural Res. Defense Council, Inc., 555 U.S. 7 (2008), as more fully discussed hereinafter, the moving party must make a clear showing that he is likely to be irreparably harmed if preliminary relief is denied.  To meet this test, the party must show more than a mere possibility of harm.  Winter, 555 U.S. at 22.  Moreover, although Plaintiff titled his request in the alternative, i.e. as seeking either a preliminary injunction or a temporary restraining order, the relief sought was actually a preliminary injunction, which the court may issue only on notice to the adverse party.  See Fed. R. Civ. P. Rule 65(a).  A temporary restraining order "expires at the time after entry - not to exceed 14 days - that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension," Fed. R. Civ. P. Rule 65(b)(2), and it was clear that Plaintiff sought injunctive relief, both during the pendency of this case and permanently.

Consequently, the Court has had to issue proper form orders, while time has elapsed, and the growing list of named Defendants has not yet been served with Plaintiff's Second Amended Complaint or responded to Plaintiff's original Motion for Preliminary Injunction (ECF No. 13).

Additionally, on April 21, 2014, Plaintiff filed a second Motion for Preliminary Injunction and/or Temporary Restraining Order (ECF No. 32). In his second Motion, Plaintiff seeks to "restrain Defendants from keeping plaintiff held in administrative detention in retaliation for his filing of this suit." Motion, ECF No. 32, p. 1. Plaintiff alleges that he "would suffer great or irreparable injury before notice can be given and Defendants can be heard on a motion for preliminary injunction." Id. Plaintiff alleges that he was placed in Administrative Detention so Defendants Brockington and Walker could apply excessive force in retaliation for his filing of the Complaint and pending motions [and] Plaintiff suffered a sprained wrist." Id. at 2. Plaintiff alleges that his "losses would be irreparable," because the newly named Defendants in Plaintiff's Second Amended Complaint "refused to report the excessive force" and "observed the assault but they failed to intervene," and "the placement in Administrative Detention has chilled the constitutional and civil rights of plaintiff." Id. Finally, Plaintiff alleges that "there will be no injury to Defendants . . . because no legitimate penological interest to place plaintiff in Administrative detention exist." Id. Here, as with his first Motion, Plaintiff requests that he be heard ex parte on the motion, via telephone conference, without notice to Defendants because, unless his Motion is granted, "Defendants . . . will continue to hold plaintiff in detention up to 180 days in retaliation for filing this suit, thus permanently depriving plaintiff of one of the principal remedies to which he is entitled by law." Id. at 3.

6

## PRELIMINARY INJUNCTION STANDARD

Rule 65(a) of the Federal Rules of Civil Procedure provides that the court "may issue" a preliminary injunction only on notice to the adverse party.  Fed. R. Civ. P. 65(a).  In other words, this Court's authority to issue a preliminary injunction under this rule is discretionary.  Preliminary injunctions are "extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." MicroStrategy, Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001).   Usually, preliminary injunctions "aim to maintain the status quo and prevent irreparable harm while a lawsuit remains pending."  Pashby v. Delia, __ F.3d __, 2013 WL 791829, *7 (4th Cir. Mar. 5, 2013).  On the other hand, mandatory preliminary injunctions, which compel action, "do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief."   Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980) (citing Interstate Commerce Comm'n v. Baltimore & Annapolis R. Co., 64 F.R.D. 337 (D. Md. 1974)).  Therefore, "a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." Sun Microsystems, Inc. v. Microsoft Corp. (In re Microsoft Corp. Antitrust Litig.), 333 F.3d 517, 526 (4th Cir.2003), abrogated on other grounds by eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006).

A federal district court must apply a rigorous four-part test in determining whether to grant a preliminary injunction.  To qualify for such relief, the moving party must show (1) likelihood it will succeed on the merits; (2) likelihood it will suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities tips in its favor; and (4)

that the injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Winter standard requires the district court to find that the party seeking the injunction has made a "clear showing" that he is likely to succeed on the merits. Id. at 22. This standard compels the moving party to show that he is likely to prevail. Regardless of the balance of hardships, it is insufficient for the party to show only that "grave or serious questions are presented" in the litigation. Compare Real Truth About Obama v. FEC, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 558 U.S. __, 130 S. Ct. 2371 (2010), with Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189, 196 (4th Cir. 1977).[2] The Fourth Circuit no longer recognizes a "flexible interplay" among these four criteria. Instead, each requirement must be fulfilled as articulated. Id. (quoting Blackwelder, 550 F.2d at 196).

**ANALYSIS**

An analysis of the Winter factors reveals that both of Plaintiff's Motions for Preliminary Injunction fail to satisfy the requirements. In his first Motion (ECF No. 13) Plaintiff seeks an injunctive order requiring Defendants to return confiscated personal

---

[2] In Real Truth, the Fourth Circuit modified its prior approach, which required district courts to balance the likelihood of irreparable harm to each party as a "first step" in its analysis, and then to consider the likelihood of success only as a secondary matter, dependent upon the outcome of the initial balance-of-hardships test. See Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189, 195-96 (4th Cir. 1977). The Supreme Court vacated Real Truth and remanded the case for further consideration in light of Citizens United v. Federal Election Comm'n, 558 U.S. ___, 130 S. Ct. 876 (2010), which related to corporate electioneering communications under the First Amendment. See Real Truth About Obama, Inc. v. FEC, 558 U.S. __, 130 S. Ct. 2371 (2010). The Fourth Circuit remanded the First Amendment-related aspects of the case to the district court but reissued, inter alia, the portion of the 2009 opinion setting forth the Winter-Real Truth preliminary injunction standard. See Real Truth About Obama, Inc. v. FEC, 607 F.3d 355 (4th Cir. 2010).

property or, at least, to restrain Defendants from destroying, disposing of, or donating Plaintiff's confiscated personal property. It is unclear here whether Plaintiff is alleging an authorized or unauthorized intentional deprivation of his personal property. It is well settled that a claim of violation of federal constitutional rights by an unauthorized deprivation of a prisoner's personal property fails to state a cognizable claim under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). When federal and state prisoners are afforded an adequate post-deprivation remedy for allegedly misappropriated property, under federal and state prison administrative grievance procedures, and under the Federal Tort Claims Act and the South Carolina Tort Claims Act, a prisoner is afforded all of the due process to which the prisoner is entitled. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Here, even if Plaintiff is alleging a constitutional violation based on the authorized confiscation of his personal property, Plaintiff has not made a clear showing that he is likely to succeed on the merits in this case. Plaintiff's Motion merely restates, in conclusory fashion, the allegations contained in his Amended Complaint. In his second Motion (ECF No. 32) Plaintiff again fails to show that he will succeed on the merits, or that he will suffer irreparable harm in the absence of a preliminary injunction.

A party is not entitled to a preliminary injunction simply by setting forth allegations of constitutional violations. Winter, 555 U.S. at 22; Real Truth, 575 F.3d at 345-46. Plaintiff has failed to show any other evidence of irreparable harm. Further, Plaintiff has not shown that the balance of equities tips in his favor. The Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. See Wetzel v. Edwards, 635 F.2d 283, 288

(4th Cir. 1980) (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration). Therefore, the balance of equities does not tip in Plaintiff's favor.  Finally, Plaintiff has not shown that an injunction is in the public interest.  The undersigned cannot conclude that the public interest would be best served by reversing prison administrators' decisions regarding a prisoner's classification or custody status where the record contains only Plaintiff's allegations and no evidence.

## RECOMMENDATION

Based on the foregoing, it is recommended that Plaintiff's Motions for Preliminary Injunction and/or Temporary Restraining Order (ECF Nos. 13 and 32), and Plaintiff's Motion for an Order to Hear Petitioner's Testimony in TRO Hearing Via Telephone Conference (ECF No. 14),  be denied.  The parties' attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

May 12, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).