IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Belay Reddick, | ) | C/A No. 2:13-cv-3379 DCN WWD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Pamela Justice; Mary M. Mitchell; J. Hollett; Joseph Neal; Oscar Acosta; Wanda Harris; Roy Lathrop; Warren C. Holland; Lee Hamar; S. Taylor; K. Johnson; M. Cruz; S. Langford; B. Kemp; R. Celaya; D. Colon; D. Mercado; J. Simmons; E. Rayburn; T. Miller; R. Kelso; S. Lathrop; T. Talplacido; D. Ayotte; M. Walker; D. Barbareno; E. McLellan; T. Graves; J. Stivers; M. Strong; M. Moore; D. Franks; F. Hill, and F. Brockington, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

   The above referenced case is before this court upon the magistrate judge's recommendation that plaintiff's motions for preliminary injunctions and/or temporary restraining order (ECF Nos. 13 and 32) and motion for an order to hear petitioner's testimony in TRO hearing via telephone conference (ECF No. 14) be denied.

   This court is charged with conducting a <u>de novo</u> review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. <u>Thomas v Arn</u>, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections

to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).[1] **Objections to the magistrate judge's report and recommendation were timely filed by plaintiff on August 14, 2014.**

In his objections, plaintiff states that the issues addressed within these motions have been resolved, therefore the motions are now moot. After a review of the record, it is therefore

**ORDERED** that plaintiff's motions for preliminary injunctions and/or temporary restraining order (ECF Nos. 13 and 32) and motion for an order to hear petitioner's testimony in TRO hearing via telephone conference (ECF No. 14) are deemed **MOOT.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation is hereby termed as **MOOT**.

**AND IT IS SO ORDERED.**

_/s/ David C. Norton_
David C. Norton
United States District Judge

August 14, 2014
Charleston, South Carolina

### *NOTICE OF RIGHT TO APPEAL*

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.