IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Belay Reddick,<br><br>                Plaintiff,<br><br>v.<br><br>Pamela Justice, Mary M. Mitchell,<br>J. Hollett, Joseph Neal, Oscar Acosta,<br>Wanda Harris, Roy Lathrop, Warren<br>C. Holland, Lee Hamar, S. Taylor,<br>K. Johnson, M. Cruz, S. Langford,<br>B. Kemp, R. Celaya, D. Colon,<br>D. Mercado, J. Simmons, E. RayBurn,<br>T. Miller, R. Kelso, S. Lathrop,<br>T. Talplacido, D. Ayotte, M. Walker,<br>D. Barbareno, E. McLellan, T. Graves,<br>J. Stivers, M. Strong, M. Moore,<br>D. Franks, F. Hill, and F. Brockington,<br><br>                Defendants. | Civil Action No.2:13-cv-03379-DCN-WWD<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The Plaintiff, proceeding *pro se*, brought this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Civil Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

This mater is before the court on Defendants' motion to dismiss, or in the alternative, for summary judgment. Plaintiff has filed his response in opposition to the motion, Defendants have filed their reply, and in this posture, the matter is ripe for disposition. For the reasons which follow, it will be recommended that the motion to dismiss be granted on statute of limitations grounds as to Count One. In addition, it will be recommended that the motion for summary judgment be granted as to Counts Two and Three because Plaintiff has failed to exhaust his administrative remedies.

**STANDARD OF REVIEW**

I.   Motion to Dismiss

On a 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" Andrew v. Clark, 561 F.3d 261, 266 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the court must draw all reasonable inferences in favor of the plaintiff, however, it need not accept the "legal conclusions drawn from the facts, . . . unwarranted inferences, unreasonable conclusions or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); Giarratano, 521 F.3d 298).

II.  Motion for Summary Judgment

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes

demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, "[t]he opposing party must demonstrate that a triable issue of fact exists; [the opposing party] may not rest upon mere allegations or denials." Wilkins v. Montgomery, 751 F.3d 214, 220 (4th Cir. 2014) (quoting Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994)).

In making a determination on a summary judgment motion, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Judges are not required "to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party." Id. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). Thus, the moving party can bear its burden "either by presenting affirmative evidence or by demonstrating that the nonmovant's evidence is insufficient to establish his claim." Miles v. Bollinger, 979 F.2d 848 (4th Cir. 1992) (unpublished table decision) (citing Celotex, 477 U.S. at 331 (Brennan, J., dissenting)). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.

## DISCUSSION

I.   Preliminary Matters

Before addressing the substance of the dispositive motion and the analysis supporting the recommendation for granting the motion, the court must address preliminary matters. First, Plaintiff himself has moved to dismiss Counts Two and Three "of this action" without prejudice. Defendants oppose the motion to the extent that Plaintiff seeks a without-prejudice dismissal. Defendants point out that they have already filed their summary

3

judgment motion, and that filing closes the door on Plaintiff's option under the rules to voluntarily dismiss his case or any part of his case without the consent of Defendants; and they refuse to consent. Of course, Defendants are correct. Moreover, Defendants oppose the motion on the ground that they have expended considerable resources in their motion to dismiss and summary judgment pleadings and that a dismissal without prejudice is itself prejudicial to them. They accordingly seek a dismissal of Counts Two and Three on the merits, i.e., with prejudice.

The court agrees with Defendants. First, having reviewed Defendants' extensive motion pleadings, it is self-evident that they have expended considerable resources defending this action and in prosecuting their motion. The motion is supported by 48 exhibits, some running several pages in length. In addition, it appears that Plaintiff has engaged in this kind of activity in this very court on an earlier occasion. Defendants point to his case styled Reddick v. Holt, Civ. A. No. 2:11-cv-2295-DCN (D.S.C.), wherein he was faced with a lengthy motion to dismiss and that motion focused in part on Plaintiff's failure to exhaust administrative remedies. Moreover, that earlier Reddick v. Holt action centered on the very allegations which Plaintiff brings in this present action. Rather than deal with the motion on the merits, Plaintiff chose the option to dismiss without prejudice. Neither the Defendants nor this court should countenance this judicial gamesmanship by Plaintiff.[1] It is therefore recommended that Plaintiff's motion to dismiss Counts Two and Three of his second amended complaint without prejudice be denied.

Second, Plaintiff has filed a motion to compel discovery and for leave to serve interrogatories on Defendant Justice. Defendants have construed this motion as a request

---

[1] Plaintiff agrees that he filed these Counts Two and Three "prematurely . . . without properly exhausting his administrative remedies. . . ." See Reply To Defendants' Opposition, etc. (Dkt. No. 98 at 3 of 4). Twice then has Plaintiff filed these Counts Two and Three allegations without properly exhausting.

4

for a discovery conference, production of documents, and to be allowed to serve written interrogatories. To the extent that Plaintiff seeks an order of the court on scheduling, it is far too late for that. More to the point, the court entered an order on February 5, 2014, apprising the parties of a dispositive motion deadline. Discovery, if it was to be sought, should have been propounded long before the date set out in that order. In addition, the federal rules and this court's local civil rules exempt cases of this nature from entry of scheduling orders. See FED. R. CIV. P. 26(a)(1)(B)(exempting from initial disclosure so-called prisoner cases); Local Civil Rule 16.00(A), D.S.C. (scheduling orders will not be entered in any action covered by federal rule 26(a)(1)(B)). Last of all, Plaintiff posits that he wants to question Defendant Justice about his transfer away from FCI Edgefield. The Defendants' motion to dismiss and for summary judgment is full of information on that topic and Plaintiff is armed with that information, having been served with the moving papers. For all these reasons, Plaintiff's motion to compel, etc, (Dkt. No. 99) is denied. Accordingly, Defendants' motion to stay (Dkt. No. 101) the discovery as requested in Plaintiff's motion is moot.

II.     Defendants' Motion

    A.     Background

Turning now to the merits of the dispositive motion, Plaintiff is a federal court convict who is serving a sentence of 240 months on conspiracy and substantive charges of passing and uttering false and fictitious instruments out of the Middle District of Florida. See Motion to Dismiss, or in the alternative, for Summary Judgment, Exh.#1. In this action, Plaintiff has filed a second amended complaint. He has named as Defendants in Count One several federal correction officials who are now or who were assigned to the Federal Correctional Institution (FCI) Edgefield, South Carolina within this judicial district. There is no need to identify those officials in detail at this juncture of this writing as it will plainly appear that this

Count One cannot survive Defendants' motion. In Counts Two and Three of the second amended complaint, Plaintiff has named several correction officials at FCI Williamsburg located in Salters, South Carolina. Defendants have persuasively argued that the actions complained of these latter two counts have not been properly exhausted. Again, there is no need to identify these officials at this juncture, but Defendants' non-exhaustion argument will be addressed in the pages that follow.

In Count One of the second amended complaint, Plaintiff complains that Defendants Justice, Mitchell, Hollett, Neal, Acosta, Harris, R. Lathrop, Holland, Hamar, Taylor, Johnson, Kelso, S. Lathrop, Talplacido, and Ayotte violated his First Amendment rights by retaliating against him for writing Congressman Joe Wilson. He alleges that he complained to Congressman Wilson about the refusal of these Defendants to adjust his offense severity score and that they mishandled his grievances. Paragraph Three of his second amended complaint sets out a laundry list of actions that Plaintiff claims these Defendants took in retaliation, such as increasing his offense severity score, improperly transferring him, falsely labeling him as a convicted sex offender, failing to deposit his outgoing legal mail, and a conspiracy to do all of these things and more.

B.     Lack of Personal Jurisdiction

Defendants argue that this court lacks personal jurisdiction over the named Defendants Ayotte and Talplacido. Neither Ayotte nor Talplacido has the necessary minimum, meaningful contacts with this judicial district to support this court's jurisdiction over them. Defendant C.P. Dominic Ayotte is the Deputy Regional Counsel in the Federal Bureau of Prisons Western Regional Office in Stockton, California. His sole action with regard to Plaintiff was to render legal advice to BOP staff as to how to handle Plaintiff's numerous grievances. Defendant Theresa Talplacido is a Senior Consolidated Legal Center Attorney employed by the BOP in Tucson, Arizona. Her sole action with regard to Plaintiff

was to render legal advice to BOP staff in reviewing and drafting responses to numerous grievances filed by Plaintiff. Nevertheless, she was not the final decision maker on these grievances, but that responsibility rested with the prison warden. Defendants have cited persuasive authority that these "regional and national supervisory responsibilities" over BOP facilities within South Carolina are not sufficient to support this court's personal jurisdiction over Ayotte and Talplacido. See Motion to Dismiss, or in the alternative, for Summary Judgment, pp. 7-10. Accordingly, for the reasons cited by Defendants in their brief, which reasons this court adopts as it own, these Defendants should be dismissed from this action.[2]

### C. Official Capacity Claims

Next, Defendants persuasively argue that Plaintiff is suing the remaining Defendants for actions they took in the course of their employment with BOP. The Supreme Court has said that a federal prisoner may bring a Bivens action against the offending individual officer, but he may not bring such an action against the officer's employer, the United States, or the BOP. Thus, Plaintiff's only remedy is against these Defendants as individuals, not against them as officials of the United States. See Corr. Servs. Corp. v. Malesko, 534

---

[2] Plaintiff argues that his conspiracy allegations against these two Defendants should save his case from dismissal. Nevertheless, simply saying that Defendants "acted in conspiracy," Second Amended Complaint Statement of Claim ¶5, is not sufficient. "To establish a civil conspiracy under § 1983, [a plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right . . . ." Hinkle v. City of Clarksburg, W.Va., 81 F.3d 416, 421 (1996) (citing Hafner v. Brown, 983 F.2d 570, 577 (4th Cir. 1992)). A proponent of a civil rights conspiracy has a "weighty burden," in that "to survive a properly supported summary judgment motion, [the plaintiff's] evidence must, at least, reasonably lead to the inference that [defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." Id. "[R]ank speculation and conjecture" does not suffice. Id. at 422; see also Wagner v. Hampton, Civ. A. No. 2:13-cv-02406-GRA, 2014 WL 3799267, at *9 (D.S.C. July 30, 2014) ("When a complaint makes only conclusory allegations of a conspiracy and fails to demonstrate any agreement or meeting of the minds among the defendants, the court may properly dismiss the complaint." (citing Woodrum v. Woodward Cnty., 866 F.2d 1121, 1126-27 (9th Cir. 1989); Cole v. Gray, 638 F.2d 804, 811-12 (5th Cir. 1981)). Plaintiff cannot meet this standard and even if he could, he cannot overcome the statute of limitations bar.

U.S. 61, 72 (2001). Accordingly, Plaintiff may not maintain any action against the Defendants in their official capacities or against the United States.

### D. Counts Two and Three

Next, Plaintiff has failed to exhaust his administrative remedies as to the allegations set out in Counts Two and Three of his second amended complaint. Defendants have set out in detail the BOP procedure necessary to exhaust and they have shown that Plaintiff failed to exhaust the Counts Two and Three allegations. See Motion to Dismiss, or in the alternative, for Summary Judgment, pp. 11-19. Accordingly, for the reasons set out in Defendants' brief, which reasons the court adopts as its own, a summary judgment should be granted in favor of the Defendants as to Counts Two and Three of the second amended complaint. A judgment as a matter of law should be entered in Defendants favor **with prejudice**.[3]

### E. Count One

Next, Plaintiff arrived at FCI Edgefield in April 2005. The record shows that about four years later, Plaintiff engaged in disturbingly gross and threatening conduct toward a female in free society. From late July 2009 until late December 2009 Plaintiff wrote seven letters to this female or members of her family, and he persisted in doing so even after being put on mail restriction. In point of fact, Plaintiff targeted a second female for his threatening communications while he was under investigation for the first set of letters. After a BOP investigation into these matters, Plaintiff was transferred to the Communications Management Unit at FCI Terra Haute, Indiana to better monitor Plaintiff's outgoing correspondence. But this transfer came only after Plaintiff tried to circumvent the mail

---

[3] The court has already observed that Plaintiff himself acknowledges he has twice filed the allegations in Counts Two and Three without properly exhausting his administrative remedies. It is therefore beyond peradventure that Plaintiff cannot withstand Defendants' summary judgment motion as to these counts.

restrictions at Edgefield by using the names and register numbers of other inmates - without their knowledge - to continue to write and threaten persons he was prohibited to contact. By the time of Plaintiff's transfer from Edgefield in December 2010, almost a full year had passed from the time Plaintiff began his nefarious letter writing and his being informed by Edgefield staff that he was under investigation by the staff for the use of physical violence and threats to the public. As noted, Plaintiff's knowledge that his violent and threatening conduct had been exposed did not stem his conduct. Defendant Justice prepared the request for Plaintiff's transfer; it was signed by Defendant Neal and approved by Defendant Mitchell.

During this same time frame, Plaintiff's custody classification was re-scored in August 2010. He complained about the re-scoring and was given an explanation of the process and the reasoning behind staff's decision making. Compare Exh.#40 and Exh.#41.

Plaintiff wrote letters to Congressman Wilson on September 12, 2010. The Congressman in turn inquired of Defendant Mitchell about Plaintiff's complaints, in a letter of September 16, 2010, and she responded to the Congressman in a letter of October 4, 2010. Upon Plaintiff's transfer from Edgefield, he arrived at the United States Penitentiary in Tucson, Arizona. He was transferred from the Tucson facility to FCI Williamsburg from October 4, 2011 - October 11, 2013.

Much more interaction has since occurred between Plaintiff and the federal prison staff but none occurred between Plaintiff and staff at Edgefield. Notwithstanding that Defendants have carefully detailed these interactions, it is not necessary for the court to review that detail here. The reason is of course that Plaintiff's action here is barred by the statute of limitations.

Plaintiff alleges that he knew that the Defendants met on September 29, 2010, because of the letter he had written to Congressman Wilson. He says that during this

meeting Defendant Justice "solicited the approval" of those in attendance to increase his offense severity score, to censure his legal mail, etc. At bottom, Plaintiff alleges that all the actions of Defendants at Edgefield were generated by this September 29, 2010, meeting.

Defendants aptly point out that Plaintiff had three years or until September 29, 2013, to timely file this action. See, e.g., Hoffman v. Tuten, 446 F. Supp. 2d 455, 459-60 (D.S.C. 2006). The court records indicate that Plaintiff delivered his original complaint to prison officials on December 2, 2013, for mailing to the clerk of this court. It was received in the clerk's office on December 3 and filed on December 5, 2013. For purposes of calculation of the statute of limitations, the complaint is deemed filed on the date of delivery to prison officials, i.e., December 2, 2013. That date is over two months beyond the running of the three-year limitations period. The Count One allegations in this action are untimely filed and should be dismissed on statute of limitations grounds.

The upshot of this recommendation is that summary judgment should be entered in Defendants' favor as to Counts Two and Three of the second amended complaint because Plaintiff failed to administratively exhaust, and that Defendants' motion to dismiss should be granted on statute of limitations grounds as to Count One of the second amended

complaint.[4] This action should thereby be brought to an end and the clerk should be directed to close the case.

## CONCLUSION

It is therefore ORDERED, for the foregoing reasons, that Plaintiff's motion to compel (Dkt. No. 99) is DENIED, and Defendants' motion to stay (Dkt. No. 101) the discovery requested in Plaintiff's motion is DENIED as moot.

AND IT IS SO ORDERED.

It is RECOMMENDED, for the foregoing reasons, that Plaintiff's motion to dismiss (Dkt. No. 93) be DENIED. It is further RECOMMENDED that Defendants' motion to dismiss, or in the alternative, for summary judgment (Dkt. No. 82), be GRANTED, such that Count One is dismissed, and summary judgment is awarded to Defendants on Counts Two and Three.

---

[4]One last observation is in order. Plaintiff's claim of retaliation should be viewed with skepticism. As discussed herein, Plaintiff had embarked on an alarming pattern of conduct from his prison cell victimizing members of free society. The conduct was no doubt unlawful and in violation of prison rules. The Fourth Circuit Court of Appeals has aptly observed

> that. . . plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive [a frivolity dismissal]. To hold otherwise would be to bring virtually every unpopular decision by [prison officials] within the scope of a cause of action for retaliation. This would pose particular problems in the context of prison administration. Every act of discipline by prison officials is by definition "retaliatory" in the sense that it responds directly to prisoner misconduct. The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in . . . penal institutions.

Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). This Plaintiff had been under investigation for many months for his unlawful conduct before officials at Edgefield made the decision to transfer him in order to better monitor his vicious letter writing. For him to claim retaliation for this transfer decision ignores what every actor in this drama, including Plaintiff himself, knew to be the unadorned truth. As the Fourth Circuit has cautioned that the district courts should view a prisoner's claim of retaliation with skepticism on frivolity review, to be sure, when the record is as complete as this one on summary judgment, a judgment should be entered in favor of Defendants.

AND IT IS SO RECOMMENDED.

December 4, 2014  
Charleston, South Carolina

WALLACE W. DIXON  
UNITED STATES MAGISTRATE JUDGE

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).